UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTURY SURETY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:22-CV-04526 |
| v. | ) | |
| | ) | |
| FRONTLINE AUTO, LLC, and SALIM | ) | Judge Edmond E. Chang |
| MERZA, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Century Surety Company seeks a declaration that it has no duty to defend Frontline Auto, LLC, and Salim Merza in lawsuits brought by Mayan Ali, Jeffrey Tops, and Merza involving a car accident. R. 27-1, Compl.[1] Frontline also filed counterclaims for breach of contract and damages under 215 ILCS 5/155 against Century Surety. R. 27-2, Def.'s Answer & Counterclaims. Century Surety now moves for judgment on the pleadings against Frontline.[2] As explained in this Opinion, Century Surety's motion is granted.

## I. Background

On review of a motion for judgment on the pleadings under Civil Rule 12(c), the Court accepts all well-pled allegations in the Complaint as true and views the

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship, R. 15 Minute Entry 10/28/22, and the amount in controversy exceeds $75,000, Compl. ¶ 9.

[2]The Court granted Century Surety's motion for default judgment against Merza, who did not appear in this case. R. 26, Mot. for Default; R. 28, Minute Entry 1/11/23.

facts in the light most favorable to the non-moving party. *See Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012).

Frontline, a car dealership in Nebraska, has an insurance policy with Century Surety. Compl. ¶ 26. After Frontline purchased a car in Illinois, Merza drove the car from Illinois to Nebraska, with Habash in the passenger seat. *Id.* ¶¶ 16–19. On the drive, in Lisle Township, Illinois, Merza and Habash crashed with a tractor driven by Topps. *Id.* ¶ 18. Habash died in the accident. *Id.* ¶ 21. Many lawsuits ensued. Relevant to this motion, Ali (on behalf of Habash's estate) sued Frontline and Merza, R. 27-3, Merza sued Frontline, R. 27-4, and Topps sued Merza and Frontline, R. 27-5. Century Surety then filed a complaint for declaratory judgment seeking a judgment that it had no duty to defend Frontline and Merza in any of the lawsuits because the "radius of operations" limitation in the insurance policy precludes coverage. Compl. ¶¶ 39–41.[3] Century Surety also claims that it has no duty to defend Frontline and Merza in the lawsuits brought by Ali and Merza because of the "insured versus insured" exception to coverage. *Id.* ¶¶ 34–38. Century Surety now moves for judgment on the pleadings. R. 27, Pl.'s Mot. Frontline, for its part, brought counterclaims against Century Surety for refusing to defend Frontline and Merza in the lawsuits. Def.'s Answer & Counterclaims.

---

[3]Century Surety sued Frontline, Merza, Topps, and Ali for declaratory judgment. Compl. Topps and Ali were voluntarily dismissed after they stipulated to being bound by any judgment or settlement in this case. R. 18, Minute Entry 11/8/22; R. 21, Minute Entry 11/14/22.

## II. Standard of Review

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). Generally speaking, a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Hayes*, 670 F.3d at 813. In deciding a motion for judgment on the pleadings, the Court must accept all well-pled allegations as true and view the alleged facts in the light most favorable to the non-moving party. *Id.* Judgment on the pleadings is proper if it appears beyond doubt that the non-moving party cannot prove any set of facts sufficient to support the claim for relief. *Id.* In deciding a motion for judgment on the pleadings, the Court considers the pleadings alone, which consist of the complaint, the answer, and any documents attached as exhibits. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

## III. Analysis

### A. Duty to Defend

Century Surety argues that it does not have a duty to defend Frontline in the underlying lawsuits because the "radius of operations" and "insured versus insured" provisions of the insurance policy preclude coverage. Pl.'s Mot. at 8, 10. Under the clause entitled "Limitation-Radius of Operations," the insurance policy states that coverage does not extend to claims involving "any non-scheduled 'auto' driven or transported more than the radius miles shown above [300 miles], from the location(s) shown on the Supplementary Schedule, CAG 1700A, ITEM THREE, LOCATIONS WHERE YOU CONDUCT AUTO DEALER OPERATIONS." R. 27-6, Pl.'s Mot.,

3

Exh. F at 71 (PDF page number). The parties agree that Frontline's dealership is in Lincoln, Nebraska and the accident took place over 300 miles away from the dealership, in Illinois. Pl.'s Mot. at 9; Def.'s Answer & Counterclaims at 11–12. According to Century Surety, because the accident occurred outside of the 300-mile radius from the dealership, Frontline need not provide insurance coverage for the accident. Pl.'s Mot. at 8–10.

For its part, Frontline argues that the policy is ambiguous because it can be read to mean that the limitation only applies when a car is being driven *from* the car dealership *to* somewhere else, over 300 miles away from the dealership. R. 34, Def.'s Resp. at 5–6. To Frontline's way of thinking, the car in this case was driven from Illinois *to* the dealership, and not from the dealership in Nebraska, and thus the limitation does not apply (even though the accident was 300 miles away from the dealership). *Id.* Frontline argues further that if the policy is ambiguous, then it must be interpreted against the drafter (which is Century Surety). *Id.* at 4–5. Although Frontline is correct that an ambiguous insurance policy must be interpreted against Century Surety, *Valley Forge Ins. Co. v. Swiderski Elec., Inc.*, 860 N.E.2d 307, 314 (Ill. 2006), here there is no ambiguity. "[D]isagreement between the parties as to meaning does not itself make the policy ambiguous, and the court 'will not strain to find an ambiguity where none exists.'" *Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.*, 20 F.4th 303, 308 (7th Cir. 2021) (quoting *Founders Ins. Co. v. Munoz*, 930 N.E.2d 999, 1004 (Ill. 2010)).

Frontline's proposed interpretation finds no basis in the text of the policy. The "radius of operations" limitation is drafted to limit insurance coverage to the area within a 300-mile radius of the car dealership. The word "from" is used to describe the center point of the circle.[4] Century Surety is correct in pointing out that Frontline's proposed interpretation means that for cars that are driving within 300 miles of the dealership, but with start and end points that are neither from nor to the car dealership, the "radius of operations" limitation would be meaningless. Furthermore, if the word "from" is interpreted to describe the direction of car travel, then *no* text in the "radius of operations" section of the insurance policy would actually describe the location from which to measure that radius—which is the clear purpose of the policy term's text. Although the "radius of operations" limitation could have been drafted even more clearly (as most texts can), there is no ambiguity that the policy limits coverage to the 300-mile radius surrounding the dealership for insured parties driving in any direction within that radius.

The "radius of operations" limitation precludes coverage in all of the underlying lawsuits, but it is worth noting too that the "insured versus insured" exception likewise precludes coverage in the claims between Frontline, Merza, and Ali (on

---

[4]Frontline cites dictionary.com for the definition of from: "used to specify a starting point in spatial movement." Available at https://www.dictionary.com/browse/from; *see* Def.'s Resp. at 5. Frontline does not offer any authority that the Illinois Supreme Court considers dictionary.com definitions when interpreting insurance policies. *See id.* Even if it did, the example under that (first) definition of from ("a train running west from Chicago") shows that the word is used in a different way, to describe movement of an object, in this case the train, through space. Instead, "from" as used in the insurance policy is defined by the second entry: "used to specify a starting point in an expression of limits."

behalf of Habash).[5] That exception states that the "insurance does not apply to … [a]ny claim for damages by any 'insured' … against any other 'insured.'" Pl.'s Mot., Exh. F at 64. The policy defines "insured" as "[y]ou" and "[a]nyone else while using with your permission a covered 'auto' you own, hire or borrow…." *Id.* at 23. Frontline, Merza, and Habash were all "insureds" under the policy, because Merza and Habash were using the car with Frontline's permission. *See* Compl. ¶ 17; Def.'s Answer & Counterclaims at 11. Century Surety thus does not have a duty to defend these parties in any lawsuits brought against each other.

In sum, as explained in this section, Century Surety does not have a duty to defend Frontline in the underlying lawsuits. Frontline's counterclaim for breach of contract for failure to defend Frontline and Merza in the Topps and Ali lawsuits is correspondingly dismissed. *See* Def.'s Answer & Counterclaims at 13–14.

## B. Section 155

Under § 155 of the Illinois Code, damages are recoverable against an insurance company "for an unreasonable delay in settling a claim," when that delay is both "vexatious and unreasonable." 215 ILCS 5/155(1). Because, as explained above, Century Surety reasonably (and indeed correctly) interpreted its insurance policy when it declined to defend the parties in the underlying lawsuits, Frontline is not entitled to recover from Century Surety under § 155.[6]

---

[5]Frontline contested this in its Answer & Counterclaims, R. 27-2 at 7–8, but did not brief the "insured versus insured" issue in its Response, *see* R. 34.

[6]Although Frontline is correct that notice pleading applies in federal court, Def.'s Resp. at 7, even under that standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

## IV. Conclusion

Century Surety's motion for judgment on the pleadings against Frontline is granted. Frontline's counterclaims are dismissed. A declaratory judgment will be entered for Century Surety: there is no duty to defend Frontline or Merza in the three lawsuits filed by Ali (R. 27-3), Merza (R. 27-4), and Topps (R. 27-5) in the Circuit Court of Cook County.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 25, 2024

---

U.S. 662, 678 (2009) (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Frontline provides no facts beyond those already discussed for its § 155 claim, and therefore has not met its burden.